**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SIDNEY DON JOHNSON, ID # 1513133,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:10-CV-0940-D-BH** |
| | ) | |
| **CHRISTOPHER LEE LEGGETT, et al.,** | ) | |
| **Defendants.** | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b) and Special Order 3-251, this case has been referred for screening.

**I.  BACKGROUND**

On or about May 11, 2010, Plaintiff, a prisoner in the Texas prison system, filed this action under 42 U.S.C. § 1983 and state law based on an accident involving a motor vehicle in which he was being transported by the Hunt County Jail in July 2008.  (Compl. at 3-4 and attached Orig. Compl.)  He sues the officer who was driving, Officer Leggett, for negligence and deliberate failure to fasten Plaintiff's seat belt prior to the accident.  (Compl. at 3-4; Orig. Compl. at 5-6.)  He sues Hunt County Sheriff Don Anderson for negligence and for refusing to provide secondary medical care; he also contends that Sheriff Anderson is legally responsible for employees under his command and shares responsibility for the operation of the Hunt County Jail.  (Compl. at 3-4; Orig. Compl. at 2.)   Plaintiff also claims that Jim McKenzie, Director of the Hunt County Community Supervision and Corrections Department is legally responsible for the overall operation of the Hunt County Jail.  (*Id.*)  Plaintiff requests appointment of counsel and seeks declaratory and monetary relief in this action.  (*Id.* at 12-13.)  No process has been issued.

Plaintiff pursued a prior action under § 1983 against the Hunt County Jail for injuries stem-ming from the same accident and "the driver's failure to put a seat belt on him."  *See Johnson v.*

*Hunt County Jail*, No. 3:08-CV-1876-P, 2009 WL 192891, at *1 (N.D. Tex. Jan. 27, 2009) (accept-

ing recommendation of Mag. J.).  In answers to a court questionnaire in that case, Plaintiff stated

that he was pursuing claims for injuries arising from the accident and a refusal to provide "medical

help".  (*See* Cause No. 3:08-CV-1876-P (N.D. Tex.) (doc. 7, Answers 1, 6, and 7).)  That action was

dismissed pursuant to 28 U.S.C. § 1915(e)(2) because Plaintiff sued a non-jural entity that was not

subject to suit and his negligence claim was not actionable under § 1983.  *See Johnson*, 2009 WL

192891, at *2.

## II.  PRELIMINARY SCREENING

Because Plaintiff  has been permitted to proceed *in forma pauperis* ("IFP"), his complaint

is subject to screening under 28 U.S.C. § 1915(e)(2)(b).  That statute provides for *sua sponte* dis-

missal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it

fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defen-

dant who is immune from such relief.

The Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that

duplicate claims made in other pending or previous lawsuits."  *Humphrey v. Luna*, 59 F.3d 1242,

1242 (5th Cir. 1995) (per curiam) (Table; text on Westlaw) (citing *Pittman v. Moore*, 980 F.2d 994,

995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)

(previous lawsuits)).  Naming a different defendant in the successive action or asserting new claims

that arise out of the same allegations of the prior action does not change the malicious or duplicative

nature of the case, and a court may properly dismiss it.  *See Bailey*, 846 F.2d at 1021 (different

defendant); *Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (new claim).

Here, Plaintiff asserts the same claims previously asserted in his prior action, adds new

claims that arise out of the same factual allegations of the prior action, and names three new defendants. There is no apparent reason Plaintiff could not have pursued the claims against the present defendants in his previous action. Consequently, this action should be dismissed as malicious.[1]
*See Bailey*, 846 F.2d at 1021; *Potts*, 354 F. App'x at 71.

### III.  RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[2]

**SIGNED this 11th day of May, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1]  Given the malicious nature of this action, appointment of counsel is hereby denied. *See Potts*, 354 F. App'x at 71 (affirming denial of appointment in similar circumstances).

[2]  Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


                                 _____
                                 IRMA CARRILLO RAMIREZ
                                 UNITED STATES MAGISTRATE JUDGE